UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-13130-RWZ

NAEEM AHMED

v.

APPLE INC.

ORDER

June 12, 2014

ZOBEL, D.J.

Plaintiff Mr. Naeem Ahmed, domiciled in Karachi, Pakistan, filed this action "to protect its (*sic*) established and licensed trademark JANG and GEO ... in the United States and United Kingdom ... against very serious nature of infringements regarding the same trademarks ..." (Complaint, ¶ 1). The named defendants are Apple Inc. ("Apple"), and two John Does. Jurisdiction is based on diversity of citizenship, 28 U.S.C. §1332. Given the vague and contradictory allegations of the complaint, Apple moved to dismiss or for a more definite statement. The court denied the former without prejudice but allowed the latter, particularly, with respect to plaintiff's standing as reflected by his rights to each mark in issue and the basis for the court's subject matter jurisdiction, including specifically the citizenship of the John Doe defendants.

In his response plaintiff asserts that he has been using both marks since 1998 in connection with news publication, broadcasting, entertainment and the like, that he is

"the bona fide and established owner of the marks," and that, on November 20, 2013, he applied in the U.S. Patent and Trademark Office for registration of the JANG mark and in the Intellectual Property Office of the United Kingdom for registration of the GEO mark (Docket # 19). Concerning the citizenship of the John Doe defendants, plaintiff acknowledges that he and defendants must be citizens of different states and assures the court that he easily meets this requirement as "plaintiff is a resident of Massachusetts and the Defendant No. 1 [Apple] is from California and Defendant No. 2 and 3 [the John Doe defendants] are presumably from Delaware, therefore there is complete diversity supporting subject matter jurisdiction." Id. I note that in the complaint plaintiff describes himself as domiciled in Karachi, Pakistan, and that his address in all court documents is in Karachi. Both applications for registration of the trademarks, filed not quite three weeks before the complaint, list his address as in Seattle, Washington. Apple has renewed its motion to dismiss for failure to properly respond to the court's order, as well as the continued inadequacy of the complaint (Docket # 20). It relies on the entire record which includes a number of public documents that contradict particularly plaintiff's assertion of ownership and use of the marks in dispute. The motion is allowed.

As to jurisdiction, plaintiff's response to the order for a more definite statement provides no facts to support the exercise of diversity jurisdiction. In fact, the issue is more muddled now than it was before that response.

Whatever leeway a court may appropriately grant to pro se litigants is insufficient to sustain a complaint that continues to rely on facts shown by public

documents to be missing or wrong.[1] That record particularly contradicts plaintiff's assertions of ownership and use of the marks, and plaintiff has failed to provide any facts in rebuttal.

In another of plaintiff's actions in this court, Ahmed v. Twitter, Inc., et al., No. 14-10025-RGS, Judge Stearns has set forth in detail the history and use of the same trademarks asserted in this lawsuit, which I adopt. That history, which is also set out in the supporting papers in this case, makes clear that, contrary to plaintiff's wholly unsupported assertions, plaintiff has no rights in the asserted trademarks and thus no right to claim infringement by defendant.

The motion to dismiss (Docket # 20) is ALLOWED. Judgment may be entered dismissing the complaint with prejudice.

      June 12, 2014                                      /s/Rya W. Zobel
           DATE                                         RYA W. ZOBEL
                                                       UNITED STATES DISTRICT JUDGE

---

[1] As counsel have pointed out, plaintiff is not entirely without experience litigating. He has filed seven actions in this court, albeit all asserting similar claims. (Ahmed v Hosting.com, No. 13-13117-WGY (filed Dec. 9, 2013); Ahmed v. Apple, Inc., No. 13-13130-RWZ (filed Dec. 10, 2013); Ahmed v. British Sky Broadcasting Ltd., No. 13-12140-NMG (filed Dec. 11, 2013); Ahmed v. Dish Network, No. 14-10024-GAO (filed Jan. 7, 2014); Ahmed v. Twitter, Inc., No. 14-10025-RGS (filed Jan. 7, 2014); Ahmed v. Facebook, Inc., No. 14-10026-WGY (filed Jan. 7, 2014).)